```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


DANIEL A. BECKER,                )
                                 )
               Plaintiff,        )
                                 )
          v.                     )     No. 4:07CV1573 FRB
                                 )
FORD MOTOR COMPANY,              )
                                 )
               Defendant.        )
```

## MEMORANDUM AND ORDER

Presently pending before the Court is defendant Ford Motor Company's Motion to Dismiss or in the Alternative to Transfer Venue (filed October 16, 2007/Docket No. 12). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On August 1, 2007, plaintiff Daniel A. Becker brought this products liability action in the Circuit Court of St. Louis County, Missouri, alleging that the defective design, manufacture and assembly of a Ford truck, placed into the stream of commerce by defendant Ford Motor Company, caused plaintiff to sustain injury while at the Lake of the Ozarks in the State of Missouri. Defendant was served with process on August 8, 2007, and removed the cause of action to this Court on September 7, 2007, invoking this Court's diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. Defendant now moves to dismiss this action under 28 U.S.C. § 1406(a); or alternatively to transfer the matter to the United States District Court, Western District of Missouri, pursuant to 28 U.S.C. §§ 1404(a)

or 1406(a), arguing that plaintiff should have originally filed this matter in Camden County, Missouri, which is located within the Western District of Missouri and that, had he done so, the cause would have been removed to that more convenient forum. For the following reasons, defendant's motion should be denied.

A.  28 U.S.C. § 1406(a) – Wrong Venue

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Proper venue in removed cases is determined under 28 U.S.C. § 1441(a) which provides that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

See Hollis v. Florida State University, 259 F.3d 1295, 1299 (11th Cir. 2001) (citing Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953)) (§ 1441(a) governs venue of removed actions). Inasmuch as the instant civil action was brought and pending in the Circuit Court of St. Louis County, Missouri, its removal to the Eastern District of Missouri was proper and venue appropriately lies here.  28 U.S.C. § 105(a); Hollis, 259 F.3d at 1300.  The original filing of the case in

a state court in which venue did not lie does nothing to change the otherwise proper federal venue of this removed case.  Hollis, 259 F.3d at 1300.  See also 28 U.S.C. § 1441(f) (abrogating theory of derivative jurisdiction).

Accordingly, to the extent defendant seeks to dismiss and/or transfer this action under 28 U.S.C. § 1406(a) for improper venue, the motion should be denied.

B.  28 U.S.C. § 1404(a) – Change of Venue

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

Defendant contends that the accident and plaintiff's resulting injury occurred in Camden County, Missouri, which is located in the Western District of Missouri.  Defendant contends that the Western District would therefore be the most convenient forum for the witnesses in this cause in that the investigation of the circumstances underlying this action will occur in Camden County with the depositions of witnesses "most likely" being taken there; that witnesses located in Camden County would be burdened by their forced travel to St. Louis for trial; and that many relevant records and documents are located in Camden County.  In response, plaintiff avers that with the exception of emergency room personnel and admission/discharge papers, no witnesses, documents or other tangible evidence are located in Camden County.  Plaintiff further avers that

all currently known parties and witnesses are located in St. Louis, including plaintiff, his treating physicians and expert witness. Plaintiff further argues that because this is a products liability action, the nature of the witnesses called (i.e., expert witnesses) renders immaterial the place where plaintiff sustained his injury.

In determining whether to transfer a cause of action under 28 U.S.C. § 1404(a), the Court must examine all relevant factors in the circumstances of the case at hand, Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997), which may include convenience factors such as

> (1) the convenience of the parties, (2) the convenience of the witnesses--including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law[;]

id. at 696, as well as interest of justice factors such as

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

Id.

The determination whether to grant or deny a request to transfer under § 1404(a) is within the sound discretion of the trial court. Hubbard v. White, 755 F.2d 692, 694 (8th Cir. 1985).

On the information before the Court, it cannot be said that a review of the relevant factors tips the balance in favor of the Western District of Missouri. With respect to the convenience of the parties, the Eastern District of Missouri is more convenient to plaintiff inasmuch as he resides within the district. Defendant is a corporate entity doing business in both districts. As such, neither forum outweighs the other with respect to the convenience to the defendant as a party in the cause. With respect to witnesses, the undersigned is aware that the convenience of the witnesses is a primary, if not the most important, factor to consider under § 1404(a). Enterprise Rent-A-Car Co. v. U-Haul Int'l, 327 F. Supp. 2d 1032, 1045 (E.D. Mo. 2004). In its motion, defendant speculates that a number of witnesses will "most likely" be deposed in Camden County and will be inconvenienced by being forced to travel to this Court. However, plaintiff avers in response that all known witnesses are in the St. Louis area, including treating physicians and expert witnesses, with the exception of one or two emergency room personnel located in Camden County. In addition, given that this is a products liability case, the locus delicti of the injury favors neither forum with respect to the convenience of expert witnesses expected to be called in the case.

With respect to the interest of justice, defendant again argues that plaintiff should have originally filed the matter in Camden County, that the case would have been removed to the Western District of Missouri, and that justice therefore requires the matter

to be transferred to that district. As discussed <u>supra</u>, however, venue properly lies in this district and the convenience of the parties and witnesses weighs in favor of the Eastern District of Missouri. On the information before the Court, the undersigned is not persuaded that maintaining the present action in this forum renders an injustice to any party or witness.

Upon review of all of the relevant factors in the circumstances of this case, the undersigned determines that a transfer to the Western District of Missouri is not warranted. As such, the Court determines in its discretion to deny defendant's request to transfer under 28 U.S.C. § 1404(a).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ford Motor Company's Motion to Dismiss or in the Alternative to Transfer Venue (Docket No. 12) is denied in its entirety.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _17th_ day of December, 2007.